**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R Schulz, | No. CV-24-01151-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Caliber Fitness Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Caliber Fitness Incorporated's Motion to Dismiss for Failure to State a Claim. (Doc. 18). For the following reasons, the Court grants the Motion.

**I.    BACKGROUND**

Plaintiff, Mr. Daniel Schulz, is a resident of Maricopa County. First Amended Complaint ("FAC") at ¶ 1. Defendant, Caliber Fitness Incorporated, is a New York corpation. Id. at ¶¶ 2. Mr. Jared Cluff serves as the president of Defendant. Id. at ¶ 6.

On December 9, 2022, Mr. Cluff met with a group, including Plaintiff, to discuss the possibility of an investment in Defendant. Id. at ¶ 9. After a follow-up meeting, Plaintiff agreed make a one-hundred and fifty thousand dollars ($150,000) investment in Defendant Caliber Fitness. Id. at ¶ 13-14.  In exchange, Defendant Caliber Fitness issued two Simple Agreement[s] for Future Equity ("SAFE"). Id. With a SAFE, Plaintiff would have the right to receive stock at an agreed upon conversion rate, after Defendant conducted an equity financing. FAC at ¶ 24.

Plaintiff alleges that certain false representations made to him induced him to enter

into the agreement to acquire his SAFEs. Id. at ¶¶ 14-16. Further, Plaintiff alleges that Defendant, through Mr. Cluff, met with Mr. Vincent Serpico several months prior to Defendant's meeting with Plaintiff. Id. at ¶¶ 17-18. At that meeting, Plaintiff alleges that materially different information about the company's prospects were communicated as compared to the information given to Plaintiff. Id. Specifically, Plaintiff alleges that Mr. Serpico was told Defendant only needed "a capital raise of five-hundred-thousand dollars ($500,000) . . . before an [e]quity [f]inancing would occur" while Plaintiff, several months later, was told that one-million dollars ($1,000,000) was still needed. Id. at ¶ 18.

Plaintiff further alleges that after he was issued his SAFEs, Defendant issued another round of offering SAFEs. Id. at ¶ 32. It is asserted that these SAFE offerings contained more favorable terms, which would allow the subsequent investors to receive a higher percentage and portion of shares in Defendant than Plaintiff. Id. at ¶¶ 32; 34. Plaintiff was offered the opportunity to participate in this offering, which he did not accept. Id. at ¶ 37. When considering participating in the subsequent offering, Plaintiff requested access to review Defendant's corporate books and was refused. Id. at 38.

Plaintiff sued in the Maricopa County State Court, and the action was removed to this Court. (Doc. 1). The FAC alleges various common law fraud claims and violations under Arizona state security laws. (Doc. 13).

## II.   LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the

elements of a cause action, supported by mere conclusory statements, do not suffice." Id.

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, a court will "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).

Fraud claims must meet the heightened pleading standard of Rule 9(b), which requires that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances surrounding the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001). "Averments of fraud must be accompanied by 'the who, what, where, and how' of the misconduct charged." Cooper v. Pickett, 137 F.3d 616, 727 (9th Cir.1997). A plaintiff alleging fraud is required to "set forth more than the neutral facts necessary to identify the transaction." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.2009). Rule 9(b) exists "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." Bly–Magee, 236 F.3d at 1018.

### III. ANALYSIS

#### A. Fraudulent Inducement

The second count alleges Fraudulent Inducement. FAC at ¶¶ 53-61. A claim of fraudulent inducement under Arizona law requires proof of nine elements. Lundy v. Airtouch Comm., Inc., 81 F. Supp. 2d 962, 968 (D. Ariz. 1999). The nine elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the

manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the listener's reliance on its truth; (8) the right to rely on it; and (9) the listener's consequent and proximate injury. Wells Fargo Credit Corp. v. Smith, 803 P.2d 900, 905 (Ariz. 1990).

The representations Plaintiff alleges to be fraudulent are: "(1) Caliber's revenues were on a steep incline and that Caliber could reduce spending and become profitable at any point; (2) the investment would help expand marketing and increase revenues[,] improving profitability; (3) there would be an [e]quity [f]inancing (as defined under the SAFEs) [ ] by the end of June of 2023, but no later than the end of the calendar year 2023; (4) the [e]quity [f]inancing would be at a valuation of [f]ifty [m]illion [d]ollars ($50,000,000.00) and that Caliber was in discussions with outside firms about raising such financing; and (5) there would be no need to raise further capital subsequent to the [the investment that Plaintiff contributed to] and prior to such [e]quity [f]inancing, as Caliber instead would streamline expenses and control growth pending generation of revenues sufficient for an [e]quity [f]inancing." FAC at ¶ 54.

Pleading the falsity element requires particularity. In re Sorrento Therapeutics, Inc. Sec. Litig., 97 F.4th 634, 640 (9th Cir. 2024). As to the first and second statements, the Court finds that the FAC does not meet the heightened pleading standard. The FAC is devoid of any plead facts that could, accepted to be true, lead to an inference that the statements were false. The only statements in the FAC that could be construed as indicating that Caliber's revenues were not on a "steep incline," is that Defendant Caliber "allegedly told Mr. Serpico in September 2022 that it needed a $500,000 capital raise, and Schulz months later that it needed a $1 million capital raise." (Doc. 18) at 6 (citing FAC ¶¶ 12; 16-17). But raising additional capital is not inconsistent with rising revenues. Looking at the FAC in a light most favorable to Plaintiff, the FAC is devoid of any factual allegations to allow an inference of falsity.

Further, the FAC does not allege how the statement that Defendant would spend Plaintiff's investment to "help expand marketing and increase revenues" is false. FAC at ¶ 54. Plaintiff does not allege that his investment was used for any other purpose. Without

any plead allegation as to how the investment capital was spent, this allegation does not rise above a conclusory statement alleging falsity. Ashcroft, 556 U.S. at 678.

Any assertion that "[c]laims for fraud generally cannot lie where the allegedly false or misleading representation pertains to future prospects or performance." Allstate Life Ins. Co. v. Robert W. Baird & Co., Inc., 756 F.Supp.2d 1113, 1165 (D.Ariz., 2010). A forward-looking statement is only actionable when a defendant makes the statement with actual knowledge that the projection, promise, or expectation will not be met. See id. Therefore, the statement asserting that Defendant could "reduce spending and become profitable at any point" is not actionable. Plaintiff does not assert the statement was made with the actual knowledge that the forward-looking statement would not come be true past the conclusory statement that "Defendant knew that its representations . . . were false," which the Court must disregard. Spudnuts, Inc. v. Lane, 131 Ariz. 424, 641 P.2d 912, 914 (1982) (stating that a fraud claim cannot "be predicated on unfulfilled promises, expressions of intention of statements concerning future events unless such were made with the present intent not to perform."). FAC at ¶ 55. Further, courts have held many similar statements by corporations fail to rise above non-actionable "corporate puffery." See, e.g., Weiss v. Amkor Tech., Inc., 527 F. Supp. 2d 938, 956 (D. Ariz. 2007) (holding as puffery: "we have made substantial progress enhancing the profitability of our business" and "[w]e believe that 2004 will present exceptional growth opportunities for [the company]."

As to the fourth statement, the Court finds Plaintiff has not met the heighten pleading standard. The fourth statement is that "the Equity Financing would be at a valuation of [f]ifty [m]illion [d]ollars ($50,000,000.00) and [ ] Caliber was in discussions with outside firms about raising such financing." FAC ¶ at 54. This is a forward-looking statement cannot be false at this time, as the equity financing has not yet occurred. It is further not evident that the statement, even if unachievable, would rise above non-actionable corporate puffery.

Therefore, the Court is left to consider the third and the fifth statements. These two related statements allege that Defendant asserted that there would be an equity financing

by no later than the end of the calendar year 2023 and that there would be no need to raise further capital after Plaintiff's investment and prior to such equity financing. Id. Plaintiff asserts these to be fraudulent, as Defendant made these statements knowing that it would raise additional capital, and not have an equity financing by the end of 2023. FAC at ¶ 55.

It is true that while complaints alleging fraud must "state with particularity the circumstances constituting fraud," it may allege "[m]alice, intent, knowledge and other conditions of a person's mind" generally. See Fed. R. Civ. P. 9(b)). However, while "Twombly and Iqbal's pleading standards must still be applied to test complaints that contain claims of fraud." Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 n.5 (9th Cir. 2014).

The Court finds that Plaintiff has not met this burden. The purely conclusory statements must be rejected. See FAC at ¶ 13 ("Mr. Cluff knew that a [o]ne million [d]ollars capital raise was insufficient"); see also, FAC at ¶ 55 ("Defendant knew that its representations set forth above were false."). Past these conclusory statements, Plaintiff relies on the fact that the alleged promise was unfilled, and the difference in statements made to Mr. Serpico and Plaintiff regarding the amount of capital needed.

The fact an additional fundraising round occurred does not mean it properly follows that the present intent not to perform has been alleged. Courts reject the notion that when promises are breached, it infers that there was a present intent not to perform. See, e.g., Breeser v. Menta Grp., Inc., Nfp, No. 2:10-CV-01592-PHX, 2011 WL 1465523, at *7 (D. Ariz. 2011).

The only other allegation that Plaintiff points to is that Mr. Cluff told Mr. Serpico that Caliber would obtain equity financing with a $500,000 capital raise, and then told Plaintiff several months later that Caliber would obtain equity financing with a $1,000,000 capital raise. (Doc. 19) at 13. The Court does not find this to sufficiently make plausible that Defendant lacked the present intent to perform its promise. The "plausible inference" of such situation, is merely that Defendant was required to raise additional money, several months after Mr. Cluff's original meeting with Mr. Serpico, and then again, several months

after Mr. Cluff's meeting with Plaintiff. Accepting that Mr. Cluff made separate representations on the amount of funding needed to these parties, does not require an inference that Defendant was speaking with the present intent not to perform. The Court finds that this, by itself, does not raise Plaintiff's claim above the barrier of "plausible."

It is unnecessary to address Defendant's argument surrounding the other elements of the claim, as the Plaintiff has failed to sufficiently plead the falsity and knowledge elements of the alleged statements. Therefore, the Motion to Dismiss as to the Fraudulent Inducement claim is granted. Leave to amend should be granted "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court grants leave to amend, only as to the statements surrounding the lack of intent to conduct further fundraising. The other statements are uncurable.

**B. Negligent Misrepresentation**

Negligent misrepresentation is a separate tort from that of fraud. Pettay v. Ins. Mktg. Servs., 752 P.2d 18, 21 (Ariz. App. Ct. 1987). It "is committed by the giving of false information intended for the guidance of others and justifiably relied upon by them causing damages if the giver of the false information fails to exercise reasonable care or competence in obtaining or communicating the information." St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co., 742 P.2d 808, 813 (Ariz. 1987).

Plaintiff bases his Negligent Misrepresentation claim on the same statements that he bases his Fraudulent Inducement Claim. FAC at ¶¶ 72-73. Plaintiff adds that Defendant was negligent in making the representations, but Plaintiff maintains throughout the FAC the fraudulent nature of Defendant's statements, and at no point other than this conclusory pleading alleges facts that show negligence. FAC at ¶ 75.

As such, Plaintiff has failed to plead a claim upon which relief can be granted. As discussed above, the Court finds the pleadings failed to sufficiently plead most of the statements to be false. Further, as in the context of fraud claims, a promise of future conduct that is unkept cannot support a claim for negligent misrepresentation. Moshir v. PatchLink

Corp., No. CV-06-1052-PHX-FJM, 2007 WL 505344 (D. Ariz. 2007), at *7. However, unlike fraud, negligent misrepresentation, which is predicated upon the failure to exercise reasonable care, does not carve out an exception for a promise made without present intention to perform. Id. Therefore, the statements surrounding the lack of need to conduct further fundraising fail to state a claim, by law. Therefore, the Court grants the Motion to Dismiss as to the Negligent Misrepresentation claim.

**C. Securities Fraud under the Arizona Securities Act**

Plaintiff brings claims under A.R.S. §§ 44-1991(A)(1) and (A)(2) of the Arizona Securities Act. A.R.S. § 44-1991(A)(1) prohibits anyone from employing "any device, scheme, or artifice to defraud" in connection with a securities transaction, while A.R.S. § 44-1991(A)(2) prohibits making "any untrue statement of material fact" or omitting "any material fact necessary" to make a statement "not misleading."

A claim under brought under A.R.S. § 44-1991(A)(1) cannot be "premised solely on assertions of misstatements and omissions." In re Allstate Life Ins. Co. Litig., No. CV-09-08162-PCT-GMS, 2013 WL 5161688, at * 13 (D. Ariz. 2013). Plaintiff adds to his FAC the following: "Defendant's actions set forth above and in the preceding paragraphs also constitute the use of a device, scheme, or artifice to defraud the Plaintiff." FAC at ¶ 85. As Plaintiff asserts no other "device, scheme or artifice to defraud" other than the alleged omissions and representations, he fails to state a claim.

The Supreme Court of Arizona has held that "scienter is not an element of a violation of A.R.S. § 44–1991(2)." State v. Gunnison, 618 P.2d 604, 607 (Ariz. 1980). However, the alleged untrue statement must be one of present fact, not a prediction or opinion about the future. Marx v. Computer Sciences Corp., 507, F.2d 485, 490 (9th Cir. 1974). The Court finds that in the security law context, each of the alleged fraudulent statements were unactionable forward-looking statements. Each statement alleged to be false is a projection towards what the company would achieve in the future, and thus did not concern present facts in the envisioned fashion of an actionable claim under Arizona security laws. Therefore, the Court grants the Motion to Dismiss as to the claim brought

under A.R.S. §§ 44-1991(A)(1) and (A)(2).

**D. Fraudulent Nondisclosure**

When a party "fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction," the party is liable for the non-disclosure, but only if "he is under a duty to the other to exercise reasonable care to disclose the matter in question." Resort Funding, L.L.C. v. Canyonview Dev., L.P., No. 1 CA-CV 11-0069, 2012 WL 3760440, at *10 (Ariz. Ct. App. 2012).

It is not evident how to characterize what is not being disclosed, as to make this claim distinctive from Plaintiff's other fraud claims. The FAC states "the Defendant failed to disclose that Defendant intended to issue a second round offering of similar SAFEs." FAC at ¶ 63. The claim ends up being the inverse of Plaintiff's other claims: while the previous claims state Defendant is liable for false statements, this states Defendant is liable for not giving true statements. There is nothing plead in the First Amended Complaint that suggests Defendant became aware of new information at a later date, that may have led to a duty to inform Plaintiff. Restatement (Second) of Torts § 551. If there was, such would cut against Plaintiff's other claims, which are based on Defendant having this alleged information at the time it gave the disputed statements. As such, the Court finds that there has been no duty plead, or in the alternate, this claim is incorrectly plead as a fraudulent nondisclosure claim. In either case, Plaintiff has not plead sufficient facts to make his claim plausible. Therefore, the Court grants the Motion to Dismiss as to this claim.

///
///
///
///
///
///
///
///

**E. Declaratory Judgement**

Plaintiff's first count seeks a declaratory judgement. However, the Court has found that all of Plaintiff's other claims before this Court must be dismissed. Therefore, any request for injunctive and declaratory relief premised upon those counts must likewise fail. In re Mortg. Elec. Registration Sys. (MERS) Litig., 744 F. Supp. 2d 1018, 1032 (D. Ariz. 2010). The Court will grant leave to amend this count, considering the possibility of Plaintiff amending his Complaint to state a claim upon which relief can be granted as to the count the Court has given Plaintiff leave to amend.

Accordingly,

**IT IS ORDER granting** the Motion to Dismiss as to Counts 3, 4, and 5 with prejudice. (Doc. 18).

**IT IS FURTHER ORDERED granting** the Motion to Dismiss as to Count 1 and 2, without prejudice. (Doc. 18). However, Plaintiff is only granted leave to amend his claim as to the statements regarding the knowledge of the necessity of future fundraising, and the lack of intent to conduct an equity financing by the end of 2023. See Section III. A.

**IT IS FURTHER ORDERED ordering** Plaintiff to file an Amended Complaint by April 18, 2025. If Plaintiff does not file an Amended Complaint by this date, the Clerk of the Court is directed to terminate this action.

Dated this 25th day of March, 2025.

_____
Stephen M. McNamee
Senior United States District Judge